IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-323 (MTT) |
| CENTRAL PORTFOLIO CONTROL, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Pro se Plaintiff Kareem Marshall filed this action against Defendants Central Portfolio Control, Transunion, and Experian alleging claims for "fraudulent activities, wanton behavior, and malicious acts" under various civil and criminal statutes. Doc. 1-4 at 1-2. Because the Court granted Marshall's motion to proceed *in forma pauperis* (Doc. 2), Marshall was ordered to amend and file a recast complaint by September 21, 2023, pursuant to 28 U.S.C. § 1915(e). Doc. 4. The Court emphasized there would be no extensions. This matter now comes to the Court on Marshall's "Motion for Accommodations." Doc. 5. Marshall filed identical motions in four separate cases.[1] He has not yet filed a recast complaint. For the following reasons, Marshall's motion (Doc. 5) is **DENIED** without prejudice.

Marshall claims he is blind and requests an interpreter, permission to file electronically, and either a court-appointed lawyer or a 45-day extension for all filings.

---

[1] Since August 2023, Marshall has filed three complaints against various defendants and eleven separate motions in four different cases in this district. *See* Docs. 3 and 5; *see also Marshall v. Creditors Bureau Association, et al.*, No. 5:23-cv-162-MTT (M.D. Ga.); *Marshall v. Nelnet, et al.*, No. 5:23-cv-321-TES (M.D. Ga.); *Marshall v. Capital Accounts, et al.*, No. 5:23-cv-324-TES (M.D. Ga.).

*Id.* at 1-2.  He also requests "all necessary accommodations and modifications of policies to assist [him] in this proceeding," under "Title II of the Americans with Disabilities Act (ADA)" and Equal Protection Clause.  *Id.* at 2.  Aside from these specific requests, Marshall fails to identify what those "necessary accommodations" are.  If Marshall can meet his burden to prove the reasonableness of specific accommodations as required under the ADA, then the Court will consider those arguments if and when they arise.  *See Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1085-86 (11th Cir. 2007).  Otherwise, the Court is unable to determine the reasonableness of Marshall's requested accommodations.  Marshall fails to demonstrate exceptional circumstances warranting the appointment of counsel and his request for an interpreter is premature given no hearing or other proceeding has been scheduled in this case.  To file electronically, Marshall must comply with the Court's instructions.  Doc. 6.  Thus, Marshall's motion for accommodations (Doc. 5) is **DENIED** without prejudice.

**SO ORDERED**, this 19th day of September, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT